# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFF ROWE, MICHAEL MCCAIN AND THE SOUTHERN ELECTRICAL RETIREMENT FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:26-CV-00243 |
| v. | ) ) | |
| BRIGHTER ELECTRIC, LLC and ANWAR WILLIS, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Pending before the Court is the unopposed motion of Jeff Rowe's ("Rowe"), Michael McCain's ("McCain"), and Southern Electric Retirement Fund's ("Plaintiff Fund") ("Plaintiffs") motion for default judgment against Brighter Electric, LLC ("Brighter") and Anwar Willis ("Willis") ("Defendants"). (Doc. No. 28). Plaintiffs have filed a memorandum of law (Doc. No. 29) along with supporting declarations. (Doc. Nos. 30, 31). For the reasons stated below, the Court grants the Plaintiffs' motion for default judgment in part.

### I.    Factual and Procedural Background

The Complaint in this action was filed on March 3, 2026. (Doc. No. 1). After service was executed, the Defendants did not answer or otherwise respond to the Complaint in this matter. (Doc. No. 11). On April 23, 2026, the Clerk of the Court entered a default against Defendants. (Doc. No. 15).

1

Plaintiffs then moved for injunctive relief, which was supported by the Declaration of Kimberly Reynolds. (Doc. Nos. 16, 18). After a failure to respond, the Court granted a motion for preliminary injunction and reasoned as follows:

> The record before the court shows that Defendant and Willis have violated 29 U.S.C. § 1145, so there is a strong or substantial likelihood of Plaintiff Fund's success on the merits. Issuance of the injunction will likely save Plaintiff Fund from irreparable injury, as Reynolds explains without the payment of contributions, employees of Defendant and Willis have not received benefits. Issuance of the injunction will not harm others, as Defendant and Willis will merely be required to conform their conduct to § 515 of ERISA. The public interest embodied in § 515 of ERISA will be served by issuance of the injunction.

(Doc. No. 19 at 2-3). The Court enjoined the Defendants and required them to "timely make future payment of contributions and submissions of all monthly payroll reports[.]" (Doc. No. 19 at 3). "All payments presently owing, and all payroll reports presently due" were to be provided to Plaintiff Fund within twenty (20) days of entry of the order. (Id.).

Plaintiffs now ask this Court to grant a default judgment against Defendants and ask the Court to enter judgment against the Defendants in the amount of $8,747.99, which includes "penalties and interest on late-submitted contribution payments…and unpaid attorney fees owed[.]" (Doc. No. 28 at 1). Defendants have not filed a response.

## II.     Legal Standards and Analysis

Following the entry of default by the clerk pursuant to Fed. R. Civ. P. 55(a), a plaintiff may move the court to enter a default judgment and award damages. Fed. R. Civ. P. 55(a)-(b). The decision to grant the motion for default judgment is soundly within the discretion of the district court. See Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190 (6th Cir. 1986); see also AF Holdings LLC v. Bossard, 976 F.Supp. 2d 927, 929 (W.D. Mich. 2013). A court may enter a default judgment under Rule 55(b)(2) if it possesses jurisdiction, and "the movant has met certain procedural requirements." Bledsoe v. Engineered Servs. Co-Operative, LLC., No. 3:25-cv-

2

00105, 2025 U.S. Dist. LEXIS 196273, at *6 (M.D. Tenn. Sept. 2, 2025)(citing Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108-09 (6th Cir. 1995)); see, e.g., Citizens Bank v. Parnes, 376 F.App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."). Additionally, the Sixth Circuit has identified several factors that a court should consider when exercising this discretion. Those include:

> 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

Russell v. City of Farmington Hills, 34 F.App'x 196, 198 (6th Cir. 2002). Here, because of the default, the Court can construe the well-pleaded factual allegations of the complaint as true. Bledsoe, 2025 U.S. Dist. LEXIS 196273, at *6 (citing I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) and Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009)). However, even without taking these as true, the Court finds that jurisdiction exists pursuant to 29 U.S.C. § 1132(e)(1).

First, the risk of prejudice to the plaintiffs would include further delay in the proceedings as well as the accumulation of more legal fees without the guarantee of adjudicating the matter on the merits given the Defendants' consistent lack of response. As to factors two and three, the merits of plaintiffs' claims are strong. Plaintiffs have plausibly claimed violations of Section 515 of ERISA, 29 U.S.C. § 1145, based on the Defendants' failure to make the timely contributions required by the applicable collective bargaining agreement. As to factor six, no evidence has been presented to suggest either of the Defendants' default was due to excusable neglect. Finally, while it is preferable to adjudicate a case on the merits, that becomes impossible when there is no participation from one of the parties or even a response to the Complaint.

Weighing these factors, the Court finds that the majority favor the Plaintiffs. However, the analysis does not end there. Because the outstanding unpaid contributions have been paid, the remaining issue before this Court concerns damages. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj, 331 F. App'x at 355.

### A. Damages

As explained in the Declaration of Kimberly Reynolds, "an employee of a company that provides administrative services to the Plaintiffs", the Defendants were late in submitting to the Plaintiff Fund work reports and correlating contributions in accordance with the collective bargaining agreement and the Fund's policy for the months of September through December of 2025. (Doc. No. 30 at 1, ¶ 2); Bledsoe, 2025 U.S. Dist. LEXIS 196273, at *7. While the outstanding contributions have been paid by Defendants' bond company, Ms. Reynolds maintains the Defendants have yet to pay the penalties and interest associated with the late reports and contributions. (Doc. No. 30 at 1-2, ¶ 2). Those penalties and interest under the policy amount to $983.70. (Doc. No. 30 at 2, ¶ 3). In addition, Plaintiffs maintain that the Defendants owe 20% of untimely contributions that equal to $967.59 pursuant to 29 U.S.C. § 1132(g)(2). (Id.). Therefore, the Defendants have incurred a total of $1,951.29 (the amount equal to $983.70 plus $967.59) for their untimely submission of contributions. (Doc. No. 30-2 at 2) (no original pagination).

In an ERISA case, generally, liquidated damages are governed by 29 U.S.C.S. § 1132(g)(2). Here, while Defendants have demonstrated a pattern of making delinquent contributions, by Ms. Reynold's own admission, the outstanding contributions have been paid. (Doc. No. 30 at 1, ¶ 2). Sixth Circuit precedent makes clear that §1132(g)(2) does not apply when

all unpaid contributions have been resolved before judgment. <u>Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.,</u> 933 F.2d 376, 388 (6th Cir. 1991) ("Thus it is clear that the provisions [Section 1132(g)] …apply only if there were unpaid contributions on the date of the award."). Hence, Plaintiffs are not entitled to the relief requested under § 1132(g)(2).

However, this does not leave Plaintiffs without relief. They still may recover bargained-for relief under the collective bargaining agreement, including liquidated damages. <u>Michigan Carpenters,</u> 933 F.2d at 390 ("a fund has a valid claim for late payment and/or audit damages pursuant to its collective bargaining agreements with defendants, not covered by section 1132(g)."). Nevertheless, in that case, "the district court should examine whether the liquidated damages provisions in the operative collective bargaining agreements constitute a penalty under federal common law." <u>Michigan Carpenters,</u> 933 F.2d at 390. To determine whether those damages would constitute a penalty, the Court must determine if the provision meets two conditions of enforcement: (1) "the harm caused by a breach must be very difficult or impossible to estimate," and (2) "the amount fixed must be a reasonable forecast of just compensation for the harm caused." <u>Bricklayers Pensions Tr. Fund v. Rosati, Inc.,</u> No. 98-1552, 1999 U.S. App. LEXIS 15678, at *7 (6th Cir. July 7, 1999).

Here, Plaintiffs' proof is deficient in many capacities. They have failed to (1) address the threshold question of whether the sought-after liquidated damages constitute a penalty under federal common law and (2) even acknowledge that § 1132(g)(2) no longer applies to the analysis of liquidated damages in this case. There is nothing before this Court that provides any analysis or explanation as to the terms of the agreement on which it can rely on to decide whether this provision is in fact enforceable. Notably, Plaintiffs' attorneys have litigated other ERISA cases before this Court and know that when § 1132(g) does not apply.  It was on the plaintiffs to establish

5

that the liquidated damages provisions are not a penalty under federal common law. Because Plaintiffs have failed to establish that they are not entitled to such damages, that request is denied.

### B. Attorneys' Fees and Costs

The only issue remaining is whether to award attorneys' fees and costs. Under the agreement provided as an exhibit to Ms. Reynolds' declaration, with respect to attorney's fees and costs, Article III of that agreement provides:

> (F) In the event it becomes necessary to institute or intervene in legal or administrative proceedings to collect delinquent contributions, the delinquent Employer shall be liable for all reasonable expenses incurred and all other remedies provided by Section 502(g)(2) of ERISA.

(Doc. No. 30-1 at 4). "In ERISA cases, [i]t is well settled that the lodestar approach is the proper method for determining the amount of reasonable attorneys' fees." Bledsoe, 2025 U.S. Dist. LEXIS 196273, at *8 (internal quotation marks omitted). In applying this approach, the starting point should be "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (citing Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995)). "The party seeking attorney fees bears the burden of documenting his entitlement to the award." Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir. 1999) (citing Webb v. Dyer County Bd of Educ., 471 U.S. 234, 242 (1985)). The agreement of the parties clearly contemplates reasonable expenses related to legal proceedings, which the Court will read to include attorney's fees where, as in this case, Plaintiffs' counsel found it necessary to institute legal proceedings.

A declaration from the Plaintiffs' attorney has been included in their motion in support with itemized billing records and time entries. (Doc. No. 31). According to the records provided, Counsel billed Plaintiffs $6,796.70 for services in connection with the present case that included 4.0 attorney hours at $425.00, 41.6 paralegal hours at $100.00, and $936.70 in expenses. (Doc.

No. 31-1). The Court finds that 45.6 hours is a reasonable amount of time to have worked on this litigation, particularly when the majority of the hours were spent by paralegals; there were no objections to the fees; injunctive relief was sought; and there were no unsuccessful claims. See Bledsoe, 2025 U.S. Dist. LEXIS 196273, at *9. Further, it appears from the billing records that these amounts do no include work related to the request for liquidated damages after the satisfaction of all unpaid contributions.

Based on the above, Plaintiffs' Motion for Default Judgment (Doc. No. 28) is granted in part and awarded default judgment in the amount of $6,796.70.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

7